931 F.2d 57
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony KIRKSEY, Defendant-Appellant.
 Nos. 90-1555, 90-1576.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Anthony Kirksey, appeals from his conviction for use of a firearm in relation to a drug offense, in violation of 18 U.S.C. Sec. 924(c). The conviction followed a jury trial, but defendant contends there was insufficient evidence to support the jury's verdict. He also contends the district judge erred at sentencing in failing to give him a two-level reduction for acceptance of responsibility. For the reasons which follow, we AFFIRM.
 
 
 2
 An informant contacted defendant by beeper phone to arrange a cocaine buy at the residence of defendant's mother. Drug enforcement agents obtained a search warrant for this address and found Kirksey in bed upstairs. An agent asked him if there were weapons in the room, and Kirksey pointed to a bag on the adjacent nightstand which contained a loaded pistol.
 
 
 3
 Kirksey contends that his multiple wounds prevented his ready access to the drugs as well as the weapons in the room. Kirksey also challenges the veracity and reliability of the informant witness against him. We find a sufficiency of evidence under the circumstances for the jury to convict, both on the cocaine charge and on the weapon count.
 
 
 4
 When reviewing a claim that the government's evidence was insufficient to support a finding of guilty beyond a reasonable doubt, this court views the evidence and all reasonable inferences that may be drawn from that evidence in a light most favorable to the government. Our standard of review, then, is whether the evidence, when viewed in this light, could reasonably support a finding of guilt beyond a reasonable doubt.
 
 
 5
 The government was not required to prove that defendant brandished or displayed a firearm. Instead, it was required to establish a sufficiently close connection between the defendant, the drugs, and the firearm, that the jury could find that he intended to have the gun available to use in relation to conduct that would amount to the violation of a drug offense. See United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990); United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 110 S.Ct. 255 (1989).
 
 
 6
 Here, the cocaine was in a nearby place under the bedroom window on the roof where one would expect it to land after having been thrown out of the window or where it might be stashed. In the room with defendant were the beeper he had used to arrange a drug sale at the house, a triple-beam scale, $7,865 in cash, and the firearm on a bedside table. Defendant was aware of the location of the gun, which he acknowledged was his. From the circumstantial evidence that defendant walked with crutches, raised his hands in surrender, and leaned to point out the location of the gun, one can infer that defendant possessed the strength to both reach and use the firearm. Clearly, there was sufficient evidence to support the firearms conviction from which defendant appeals.
 
 
 7
 We review a trial court's factual determination that a defendant has not accepted responsibility under the clearly erroneous standard. Here, the only basis for defendant's claim was that he had offered a plea bargain under which he would plead guilty to possession of the cocaine for sale, and felon in possession of a firearm, in exchange for the government's dropping the charge that he used a firearm in relation to a drug offense. That hardly seems to us to require the trial court to conclude that defendant had accepted responsibility for the conduct underlying the firearm use charge. As there was no other evidence of acceptance of responsibility, the district court's decision was not clearly erroneous.
 
 
 8
 The judgments of the conviction and sentence are AFFIRMED.